[Cite as *State v. Baker*, 2017-Ohio-1074.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.   L-15-1295
                                                                        L-15-1324
            Appellee

v.                                               Trial Court No.  CR0201501062

John David Baker

            Appellant                            **DECISION AND JUDGMENT**

                                                 Decided:  March 24, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Molly S. Blythe, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, John David Baker, appeals the May 12, 2015 judgment

of the Lucas County Court of Common Pleas which, following his guilty pleas to

trafficking in marijuana and tampering with evidence as well as a post-release control

violation, sentenced him to a concurrent sentence of 18 months, and 784 days for the post-release control violation to be served consecutively to the felony convictions. For the reasons set forth herein, we affirm.

{¶ 2} On January 13, 2015, appellant and co-defendant Tiara Kendig, were indicted on several drug-related charges. As to appellant, he was indicted on one count of trafficking in marijuana, R.C. 2925.03(A)(2) and (C)(3)(b), one count of possession of marijuana, R.C. 2925.11(A) and (C)(3)(a) and (B), three counts of possession of drugs, R.C. 2925.11(A) and (C)(2)(a), aggravated possession of drugs, R.C. 2925.11(A) and (C)(1)(a), tampering with evidence, R.C. 2921.12(A)(1) and (B), and illegal use or possession of drug paraphernalia, R.C. 2915.14(C)(1) and (F). The charges stemmed from a controlled drug buy by a confidential informant and subsequent execution of a search warrant at appellant's residence. Appellant entered not guilty pleas to the charges.

{¶ 3} On March 27, 2015, appellant withdrew his not guilty pleas and entered a plea of guilty to one count of trafficking in marijuana, a fourth degree felony, and one count of tampering with evidence, a third degree felony. The remaining six counts were to be dismissed. Appellant also admitted to a post-release control violation. Following the court's May 12, 2015 judgment entry, this consolidated appeal followed.

{¶ 4} In counsel's appellate brief, under procedures announced in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel indicates that she has thoroughly examined the record, discussed the case with appellant, and is unable to find meritorious grounds for appeal. Following *Anders* procedure, appellate counsel

2.

filed a brief setting forth potential grounds for appeal and has also filed a motion to withdraw as counsel.

{¶ 5} Counsel notified appellant of her inability to find meritorious grounds for appeal and provided appellant with copies of both the *Anders* brief and her motion to withdraw. Counsel advised appellant of his right to file his own appellate brief. Appellant has not filed an additional brief.

{¶ 6} In her *Anders* brief, counsel has asserted three potential assignments of error:

> Potential First Assignment of Error: Knowing, Voluntary, Intelligent Plea and Crim.R.11.

> Potential Second Assignment of Error: Ineffective Assistance of Counsel- Failure to Challenge Search Warrant.

> Potential Third Assignment of Error: Jurisdiction of Lucas County Court of Common Pleas to Sentence Wood County Post Release Control Violation.

{¶ 7} Appellant's counsel's first potential assignment of error examines whether appellant's guilty pleas were knowing, voluntary, and intelligent as required under Crim.R. 11(C).  The rule provides, in part:

> In felony cases the court may refuse to accept a plea of guilty or a
> plea of no contest, and shall not accept a plea of guilty or no contest

3.

without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 8} The underlying purpose of Crim.R. 11(C) is to insure that certain information is conveyed to the defendant which would allow him or her to make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). With respect to constitutional rights, a trial court must strictly comply with the dictates of Crim.R. 11(C). *State v. Colbert*, 71

4.

Ohio App.3d 734, 737, 595 N.E.2d 401 (11th Dist.1991). However, a trial court need not use the exact language found in that rule when informing a defendant of his constitutional rights. *Ballard* at paragraph two of the syllabus. Rather, a trial court must explain those rights in a manner reasonably intelligible to the defendant. *Id.*

{¶ 9} For nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted. *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 10} Upon careful review of the transcript of the March 26, 2015 plea hearing, we find that the trial court fully complied with Crim.R. 11(C) prior to accepting appellant's plea. As to appellant's constitutional rights, the court informed appellant of his right to trial by jury, right to confront and cross-examine witnesses, right to compulsory process, the right to proof beyond a reasonable doubt, the right to remain silent, and appellant's limited appeal right.

{¶ 11} Appellant was also informed of the nature of the charges to which he was admitting, the maximum penalties involved, and post-release control requirements. The court further confirmed that no promises or threats were made to get appellant to enter his pleas, that he was satisfied with counsel's advice and representation, and that appellant

5.

believed that entering the pleas was in his best interest. Accordingly, we reject appellant's counsel's first potential assignment of error.

{¶ 12} Appellant's counsel's second potential assignment of error contends that trial counsel was ineffective by failing to file a motion to suppress the evidence obtained upon execution of the search warrant. Counsel specifically points to the probable cause affidavit as well as the timing of the search.

{¶ 13} We first note that to establish ineffective assistance of counsel, an appellant must demonstrate "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. When, however, a defendant enters a guilty plea or no contest plea, he waives the right to claim that he was prejudiced by constitutionally ineffective counsel, unless the conduct complained of is shown to have prevented the defendant from making a knowing and voluntary plea. *State v. Barnett*, 73 Ohio App.3d 244, 248-249, 596 N.E.2d 1101 (2d Dist.1991).

{¶ 14} Opposing appellant's counsel's claims, the state first notes that by entering a guilty plea, appellant has waived all errors except those relating to the knowing and voluntary nature of his plea and sentence. Further, the probable cause affidavit, though

6.

attached to appellant's brief, is not contained in the record and, thus, not reviewable on appeal.

{¶ 15} As to the effect of appellant's guilty plea, we agree that "'a defendant who pleads guilty generally waives the right to make allegations of ineffective assistance of counsel * * * for failure to move for suppression unless he alleges that the error caused the plea to be less than knowing, voluntary, and intelligent.'" *State v. Arnold*, 2d Dist. Clark Nos. 2014-CA-23, 2014-CA-24, 2014-CA-25, 2014-CA-26, 2015-Ohio-1580, ¶ 10, quoting *State v. Jackson*, 7th Dist. Mahoning No. 13 MA 121, 2014-Ohio-2249, ¶ 17.

{¶ 16} We further agree that our review of appellant's claims is limited to the materials contained in the record of the trial court proceedings. However, even a cursory review of the argument demonstrates that it lacks merit. The affidavit at issue clearly provides probable cause and supports the court's issuance of the search warrant. The affidavit sets forth the location, the extensive experience and basis of the officer's knowledge, the timeliness of the information, and the positive marijuana testing that was conducted.

{¶ 17} We further reject appellant's counsel's contention that the warrant was not valid because it was not executed within three days as required under Crim.R. 41(C). The warrant was issued on Friday, September 26, 2014, and was executed on Tuesday, September 30. We agree that Crim.R. 41(C), provides that a search warrant "shall command the officer to search, within three days, the person or place named * * *." However, Crim.R. 45(A) states:

7.

In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation.

{¶ 18} Crim.R. 45(A) has repeatedly been applied to computing time for the execution of search warrants under Crim.R. 41(C). *See State v. Coleman*, 8th Dist. Cuyahoga No. 91058, 2009-Ohio-1611; *State v. Hill*, 2d Dist. Montgomery No. 18875, 2001 Ohio App. LEXIS 5939 (Dec. 28, 2001); *State v. Mansor*, 6th Dist. Lucas No. L-85-197, 1986 Ohio App. LEXIS 5564 (Feb. 7, 1986).

{¶ 19} Finally, we find no error in trial counsel's failure to challenge the judge who issued the search warrant containing a waiver of the requirement that the officers "knock and announce" before entry into the home. Such waiver may be appropriate where the court

determines there is probable cause to believe that, if the law enforcement officers or other authorized individuals who execute the warrant are required to comply with the statutory precondition for

8.

nonconsensual entry, they will be subjected to a risk of serious physical harm and to believe that the address of the dwelling house or other building to be searched is the correct address in relation to the criminal offense or other violation of law underlying the issuance of the warrant. R.C. 2933.231.

{¶ 20} In the present matter, we again note that the affidavit in support of the search warrant is not part of the appellate record. However, a cursory review of the materials shows that the officer was informed that appellant possessed a firearm and after reviewing his criminal history, was made aware of several prior convictions involving violence. Further, a pit bull was known to be present on the property.

{¶ 21} Based on the foregoing, we conclude that appellant's counsel has not demonstrated that trial counsel's representation was deficient. Thus, we find appellant's counsel's second potential assignment of error not well-taken.

{¶ 22} Appellant's counsel's third and final potential assignment of error questions the jurisdiction of the trial court to impose a sentence for appellant's Wood County post-release control violation stemming from his conviction in this case. Counsel admits that R.C. 2929.141(A) provides that upon conviction or a plea of guilty to a felony by an individual on post-release control,

the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing

court or another court of this state imposed the original prison term for which the person is on post-release control:

> (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation.

{¶ 23} Upon review, we agree that the trial court had the authority to impose a prison term for the Wood County post-release control violation. Appellant's counsel's third potential assignment of error is not well-taken.

{¶ 24} Upon our own independent review of the record as required by *Anders*, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.             _____

                                                 JUDGE

Thomas J. Osowik, J.      

                                 _____

James D. Jensen, P.J.                     JUDGE

CONCUR.

                                 _____

                                                 JUDGE

10.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.