[Cite as *State v. Seaburn*, 2017-Ohio-7115.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                     CASE NO.  13-17-12

     v.

RICHARD "FRED" SEABURN,              O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 16 CR 0106

Judgment Affirmed

Date of Decision:   August 7, 2017

APPEARANCES:

    *Gene P. Murray* for Appellant

    *Rebeka Beresh* for Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, Richard F. Seaburn ("Seaburn"), appeals the March 16, 2017 judgment entry of sentence of the Seneca County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case stems from a search warrant issued on October 15, 2015 and executed on October 20, 2015. Through the execution of said warrant at a residence on East High Street in Fostoria, Ohio, law enforcement discovered numerous prescription pills, scales, cellular phones, a stun gun, and $450.00 in currency.

{¶3} On June 1, 2016, the Seneca County Grand Jury indicted Seaburn on: Count One of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(c), a felony of the second degree; Counts Two and Three of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), felonies of the fifth degree; Count Four of endangering children in violation of R.C. 2919.22(A), (E)(2)(a), a misdemeanor of the first degree; and Count Five of possessing criminal tools in violation of R.C. 2923.24(A), (C), a felony of the fifth degree. (Doc. No. 1). Count One includes a specification alleging that the offense was committed in the vicinity of a juvenile, as well as a specification alleging that $450.00 in currency, in addition to cellular phones, and a stun gun were used to facilitate the offense and thus are subject to forfeiture under R.C. 2981.02. (*Id.*).

{¶4} On June 17, 2016, Seaburn appeared for arraignment and pled not guilty to all of the charges and specifications in the indictment. (Doc. No. 12).

{¶5} On October 3, 2016, Seaburn filed a motion to suppress evidence, seeking the suppression of the fruits of the October 20, 2015 search of his home because, as relevant here, the search took place after the expiration of the three-day time limit within which the police had to execute the search warrant. (Doc. No. 41). On October 27, 2016, the State filed a memorandum in opposition to Seaburn's motion to suppress evidence. (Doc. No. 43). The trial court denied the motion to suppress evidence on November 9, 2016. (Doc. No. 44).

{¶6} On February 23, 2017, Seaburn appeared for a change-of-plea hearing and, pursuant to a negotiated plea agreement, pled no contest with a stipulated finding of guilty to each of the counts in the indictment. (Doc. Nos. 52, 53). The trial court found Seaburn guilty of the charges to which he pled no contest. (Doc. No. 60). The forfeiture of the items identified in the specifications was effectuated via a contract between the parties. (Doc. No. 60).

{¶7} On March 15, 2017, the trial court sentenced Seaburn to three years in prison as to Count One, ten months in prison as to Count Two, ten months in prison as to Count Three, 90 days in jail as to Count Four, and ten months in prison as to Count Five, with all sentences to be served concurrently for a total of three years of incarceration. (Doc. No. 61). The trial court further ordered that Seaburn pay a

$7,500 fine. (*Id.*). The trial court filed its judgment entry of sentence on March 16, 2017. (*Id.*).

**{¶8}** Seaburn filed his notice of appeal on April 14, 2017. (Doc. No. 63). He brings one assignment of error for our review.

### Assignment of Error

**In An Abuse Of Its Discretion, The Trial Court Reversibly Erred By Overruling The Defendant-Appellant's Motion To Suppress Evidence That Was Seized Not [sic] "Within Three Days" From The Residence Of Defendant-Appellant, As Expressly Required On The Face Of The Search Warrant, Thereby Violating The Fourth Amendment To The Constitution Of The United States, And Also Violating Due Process Of Law, By Contradicting The Literal And Expectational [sic] Plain Meaning Of Said Expressly Written Court-Ordered Three Days Time Limit, Not Only Upon The Person And Whose [sic] Residence Is Named In The Said Search Warrant, But Also Upon The General Public Which Has The Right To Know That Three Days Means Three Days, And Not Subject To A Cynical, Untrue[,] And Improper State Interpretation Of How It Tells And Tolls Time: Time And Time Again.**

**{¶9}** In his sole assignment of error, Seaburn argues that the trial erred by denying his motion to suppress evidence. Specifically, he argues that the trial court erred in denying his motion to suppress evidence because the search at issue took place beyond the three-day time limit imposed on the face of the warrant. Seaburn argues that Crim.R. 45(A)'s tolling provisions are intended to toll time when the clerk of courts is not available to file documents, not to provide law enforcement

additional time to execute search warrants where, as here, nothing stopped law enforcement from executing the search warrant during the course of the weekend.

**{¶10}** A review of the denial of a motion to suppress involves mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to evaluate the evidence and the credibility of witnesses. *Id. See also State v. Carter*, 72 Ohio St.3d 545, 552 (1995). When reviewing a ruling on a motion to suppress, "an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19 (1982). With respect to the trial court's conclusions of law, however, our standard of review is de novo, and we must independently determine whether the facts satisfy the applicable legal standard. *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

**{¶11}** The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution protect individuals against unreasonable searches and seizures by the government, and they protect privacy interests where an individual has a reasonable expectation of privacy. *State v. Fielding*, 10th Dist. Franklin Nos. 13AP-654 and 13AP-655, 2014-Ohio-3105, ¶ 15, quoting *Smith v. Maryland*, 442 U.S. 735, 740, 99S.Ct. 2577 (1979). An expectation of privacy is protected where an individual has manifested a subjective expectation of privacy

and that expectation is one that society recognizes as reasonable. *Id.*, citing *Smith* at 740, citing *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring). While the Fourth Amendment does not specifically provide that unlawful searches and seizures will result in the suppression of ill-gotten evidence, the United States Supreme Court has held that the exclusion of evidence is an essential part of the Fourth Amendment. *State v. Jenkins*, 3d Dist. Union No. 14-10-10, 2010-Ohio-5943, ¶ 9, citing *Mapp v. Ohio*, 367 U.S. 643, 649, 81 S.Ct. 1684 (1961) and *Weeks v. United States*, 232 U.S. 383, 394, 34 S.Ct. 341 (1914).

{¶12} "Crim.R. 41 governs the issuance of search warrants." *State v. Shaulis*, 9th Dist. Wayne No. 01CA0044, 2002 WL 242104, *1 (Feb. 20, 2002). Crim.R. 41(C)(2) provides that a search warrant "shall command the officer to search, within three days, the person or place named or the property specified." Crim.R. 41(C)(2). While search warrants must ordinarily be executed within three days of their issuance, Crim.R. 45(A) provides

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day

which is not Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation.

**{¶13}** Applying the law above, we conclude that the trial court did not err in denying Seaburn's motion to suppress evidence. *State v. Baker*, 6th Dist. Lucas Nos. L-15-1295 and L-12-1324, 2017-Ohio-1074, ¶ 17 (finding that a four-day gap between the issuance and execution of a search warrant is permissible because of the tolling provisions of Crim.R. 45(A)). We begin by emphasizing that nothing in the language of Crim.R. 45 suggests that it is not applicable to the execution of warrants by law enforcement officers. *See* Crim.R. 45(A). Further, nothing in the text of the warrant indicates any intention by the issuing judge to make the criminal rules inapplicable in this case by ordering the search warrant to be served in a time period other than set forth in Crim.R. 41. (Doc. No. 41). In fact, the face of the warrant commands those who execute it to bring the products of their search before the judge "to be disposed of and dealt with according to law." (*Id.*). The criminal rules, including Crim.R. 45(A), are unquestionably part of the law.

**{¶14}** Although the search warrant would ordinarily have to be executed in three days, Crim.R. 45(A) and applicable case law establish that the time for the execution of the search warrant was tolled in this case. Crim.R. 45(A); *Baker* at ¶

17. In *State v. Baker*, the Sixth District Court of Appeals confronted a set of facts in which the appellant argued that a search was invalid because it took place pursuant to a warrant that was issued on September 26, 2014 but was not executed until September 30, 2014. *Id.* The court noted that the search in question was not conducted within three days of the warrant's issuance, but the court further noted that Crim.R. 45 provides for the tolling of time in certain situations. *Id.* Specifically, Crim.R. 45 provides that, when the period of time prescribed under the rules is fewer than seven days, "intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation." Crim.R. 45.

{¶15} Other courts have held likewise under similar circumstances. The Eighth District Court of Appeals applied Crim.R. 45(A) to the execution of search warrants by law enforcement and held that a six-day gap between the issuance and execution of two search warrants was permissible where Crim.R. 45(A) required that three of those six days be excluded from computation. *State v. Coleman*, 8th Dist. Cuyahoga No. 91058, 2009-Ohio-1611, ¶ 57-58. The Second District Court of Appeals likewise held that Crim.R. 45(A) "clearly and unambiguously applies" to the execution of search warrants by law enforcement despite the appellant's argument that it did not apply because warrants are ordinarily executed during weekends. *State v. Crane*, 2d Dist. Montgomery No. 17967, 2000 WL 216931, *2 (Feb. 25, 2000).

{¶16} In the instant case, the search warrant permitting the search of Seaburn's residence was issued on October 15, 2015. (Doc. No. 41). The search warrant was executed October 20, 2015. (*Id.*). Thus, five days separated the search warrant's issuance from its execution. (*Id.*). The date on which the warrant was issued is excluded from computation; this is to say that computation begins on October 16, 2015. Crim.R. 45(A). Because the period of time permitted for the warrant's execution was fewer than seven days, October 17 and 18 must also be excluded from computation because they were a Saturday and Sunday, respectively. *Id.* Once October 17 and 18 are excluded from computation, the result is the conclusion that the warrant was executed within three days as required by the rule. *Baker* at ¶ 17; Crim.R. 45(A). Therefore, we conclude that the trial court relied on competent and credible evidence in denying Seaburn's motion to suppress evidence. Crim.R. 45(A).

{¶17} Seaburn's assignment of error is overruled.

{¶18} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**